IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| AKHIL BARANWAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 314-098 |
| ) | |
| STACEY N. STONE, Warden, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. (Doc. no. 1.) Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion for "immediate favorable decision" be **DENIED**, the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

Petitioner, a citizen of India, was sentenced on July 29, 2009 to twenty-seven months imprisonment and three years of supervised release on a conviction for distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Doc. no. 1, pp. 2-3; doc. no. 13-1, pp. 6-9.) Petitioner's projected release date is January 24, 2015. (Doc. no. 13-1, p. 2.)

Petitioner pursued a transfer to a Residential Reentry Center or home confinement through the administrative procedures at McRae Correctional Facility. (Doc. no. 13-1, pp. 13-

22.) The Bureau of Prisons ("BOP") denied the request because Petitioner's Public Safety Factor ("PSF") of Deportable Alien makes him ineligible for placement in such programs. (Id.) BOP defines PSF as "relevant factual information regarding the inmate's current offense, sentence, criminal history, or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public." BOP Program Statement 5100.08, Chapter 5, p. 7 (2006). BOP defines "Deportable Alien" as:

> A male or female inmate who is not a citizen of the United States. All long-term detainees will have this PSF applied. When applied, the inmate or the long-term detainee shall be housed in at least a Low security level institution.
>
> The PSF shall not be applied, or shall be removed when the U.S. Immigration and Customs Enforcement (ICE) or the Executive Office for Immigration Review (EOIR) have determined that deportation proceedings are unwarranted or there is a finding not to deport at the completion of deportation proceedings . . . . Additionally, the PSF shall not be applied if the inmate has been naturalized as a United States citizen.

Id. at p. 9.

Petitioner filed the instant action asserting that BOP has not provided him with an "individualized determination" for home detention pursuant to 18 U.S.C. § 3624(c) and 28 C.F.R. 570.22. (See generally doc. no. 1.) Under § 3624(c): "The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." Under 28 C.F.R. § 570.22: "Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the

2

community, within the time-frames set forth in this part."

Petitioner also challenges his PSF of deportable alien because he argues that whether he is deportable is actually in question for two reasons. (Doc. no. 1, pp. 2-7.) First, he has unfrivolous grounds against deportability and outlines the argument he will make to immigration authorities about why the elements of his conviction should not make him deportable. Second, even if an immigration judge finds Petitioner deportable, he asserts he is eligible for Cancellation of Removal under 8 U.S.C. § 1229b(a).[1] Therefore, he wishes for the Court to require BOP to give him an individualized hearing for home detention without taking his PSF of deportable alien into account. (Doc. no. 1, p. 15.)

Respondent contends that Petitioner may not bring his claims in a § 2241 petition, and alternatively, is not entitled to relief on the merits of his position. (See doc. no. 13.)

On December 5, 2014, the Clerk of Court filed Petitioner's reply to Respondent's return to this Court's show cause order, which Petitioner entitled a motion requesting an "Immediate Favorable Decision" on his petition. (Doc. no. 14.)

## II. DISCUSSION

### A. Petitioner May Bring His Claim in a § 2241 Petition.

Respondent first asserts a § 2241 petition is not the proper vehicle for Petitioner's allegations because they concern the denial of a transfer as opposed to the execution or duration of his sentence. See Caba v. United States, No. CV 3:10-082, 2010 WL 5437269, at *2 (S.D.

---

[1] "The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien: (1) has been an alien lawfully admitted for permanent residence for not less than 5 years; (2) has resided in the United States continuously for 7 years after having been admitted in any status; and (3) has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a).

3

Ga. Nov. 30, 2010) report and recommendation adopted, No. CV 310-082, 2010 WL 5441919 (S.D. Ga. Dec. 27, 2010). However, this Court has considered such allegations in a § 2241 petition, and indeed the Eleventh Circuit has found that challenges by a federal prisoner to his place of confinement, such as Petitioner's challenge here, are proper in a § 2241 petition. See United States v. Saldana, 273 Fed. App'x 845, 846 (11th Cir. 2008); Meza v. Wells, No. CV 309-075, 2009 WL 4250026, at *2 (S.D. Ga. Nov. 23, 2009) (Bowen, J.).

### B. Petitioner Is Not Entitled to Relief.

Petitioner's allegations amount to two claims. First, he is challenging his security classification of Deportable Alien because he requests that BOP give him an individualized determination for home detention without taking his PSF into account. Second, he is asking the Court to review BOP's determination that he is ineligible for home detention under § 3624(c) because BOP did not properly weigh and consider certain circumstances related to his deportability. Petitioner is not entitled to relief on either claim.

#### 1. Petitioner Has Not Alleged a Violation of the Constitution.

Because Petitioner is directly challenging his security classification, there are two reasons why these allegations do not rise to the level of a violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2241(c)(3).

First, because federal prisoners do not possess a liberty interest in their security classification, a claim that the PSF deprives Petitioner of liberty without due process in violation of the Fifth Amendment must fail. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Sandin v. Conner, 515 U.S. 472, 472 (1995); Morrison v. Woodring, 191 F. App'x 606 (9th Cir. 2006); Jennings v. Fed. Bureau of Prisons, 344 F. App'x 954, 955 (5th Cir. 2009); Pawlik v. Young, No.

CIV.A.09-1860, 2010 WL 2428123, at*2-3 (W.D. La. May 19, 2010) report and recommendation adopted, No. CIV.A. 09-1860, 2010 WL 2521368 (W.D. La. June 11, 2010). Nor do they possess a liberty interest in rehabilitative programs, such as home confinement. See, e.g., Moody, 429 U.S. at 88 n.9, 97 (Federal prisoners have no due process right to eligibility for rehabilitative programs.); Murdoch v. Washington, 193 F.3d 510, 513 (7th Cir. 1999) (no protectable liberty or property interest in attending rehabilitation program); Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992) (no right to educational or vocational opportunities); Canterino v. Wilson, 869 F.2d 948, 952–54 (6th Cir. 1989) (no liberty interest in inmate classification or eligibility for work programs); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (no right to particular inmate classification or eligibility for rehabilitative programs); Pugliese v. Nelson, 617 F.2d 916, 923 (2nd Cir. 1980) (same); Battle v. Anderson, 564 F.2d 388, 403 (10th Cir. 1977) ("[A]n inmate does not have a federal constitutional right to rehabilitation."); Borrero v. Wells, No. CV 309-096, 2010 WL 3292696, at *2 (S.D. Ga. May 25, 2010) report and recommendation adopted, No. CV 309-096, 2010 WL 3292694 (S.D. Ga. Aug. 19, 2010) (Bowen, J.) (no liberty interest in home detention).

Second, prison officials do not offend equal protection principles by excluding prisoners from such programs because of their security classification. See, e.g., McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999); Caba, No. CV 3:10-082, 2010 WL 5437269, at *2.

### 2. This Court's Review of BOP's Decision Pursuant to § 3624(c) Is Severely Restricted.

As discussed above, Petitioner asserts that BOP did not properly consider and weigh that he purportedly has unfrivolous grounds against deportability and is "clearly" eligible for cancellation of removal, which he claims render it "practicable" to place him on home detention

pursuant to § 3624(c). BOP denied Petitioner's request for home confinement because Petitioner had properly been assigned the PSF of Deportable Alien, which rendered him ineligible for home confinement. (See doc. no. 13-1, pp. 13-22.) Indeed, Petitioner is not a United States citizen, and neither ICE nor EOIR has made a determination (1) that deportation proceedings are unwarranted, or (2) not to deport Petitioner. (See id.; BOP Program Statement 5100.08, Chapter 5, p. 9 (2006).) This determination by BOP regarding his ineligibility for home detention under § 3624(c) amounts to a decision on Petitioner's facility placement as a federal inmate under § 3621(b). See 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.").

Under the Administrative Procedure Act ("APA"), habeas corpus may be used to challenge BOP action. See 5 U.S.C. § 703. However, in 18 U.S.C. § 3625, Congress has specified that the sections of the APA governing judicial review, 5 U.S.C. §§ 701–706, do not apply to "the making of any determination, decision, or order under" any provision of 18 U.S.C. §§ 3621 to 3626. Additionally, the Eleventh Circuit has indicated in a § 2241 habeas action that § 3625 entirely precludes judicial review of determinations by BOP under the relevant statutes except to the extent that a prisoner seeks to challenges the underlying rules and regulations that establish the criteria governing BOP decisionmaking process. See Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000). Where Congress by statute has precluded judicial review of an agency decision, a court's review is limited to whether the agency has acted outside its statutory limits or has violated the constitution. See Webster v. Doe, 486 U.S. 592, 597, 603 (1988); Santiago–Lebron v. Florida Parole Com'n, 767 F.Supp.2d 1340, 1351 (S.D.Fla. 2011); Paradis v. Keller,

2011 WL 2790480, *4 n.3 (N.D. Ga. June 13, 2011); Klatch v. Rathman, No. 1:13-CV-01452-WMA, 2014 WL 537021, at *11 (N.D. Ala. Feb. 10, 2014).

Here, § 3624(c), citing § 3621, explicitly leaves the designation of the place of confinement to the discretion of BOP. Indeed, all other courts to address this issue have determined that § 3624(c) does not create a liberty interest because it refers to no mandatory procedures. See Gambino v. Gerlinski, 96 F. Supp. 2d 456, 459 (M.D. Pa.) aff'd, 216 F.3d 1075 (3rd Cir. 2000) (collecting cases). Accordingly, BOP has not violated the constitution.

In sum, because Petitioner has not shown that his confinement is in violation of the Constitution or any federal law, he has failed to state a claim for relief.

## III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion for "immediate favorable decision" be **DENIED**, the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 17th day of December, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA